Stanley O. King, Esquire
*JAVERBAUM WURGAFT HICKS*
*KAHN WIKSTROM & SININS, P.C.*
231 S. Broad Street
Woodbury, NJ 08096
856-845-3001
856-845-3079 (fax)
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUSAN ELIZABETH CHIN, individually and in her capacity as Administrator *ad Prosequendum* of the estate of PATRICK CHIN, Deceased, | : <br> : <br> : <br> : <br> : |
| Plaintiff, | : <br> : |
| v. | : <br> : |
| TOWNSHIP OF HILLSBOROUGH, HILLSBOROUGH TOWNSHIP POLICE CHIEF MICHAEL McMAHON, GEORGE KOKINAKOUS, ROBERT FERIELLO, THOMAS GURBA, KYLE EDMONDS, DYLAN ELY, and JOHN DOES 1 through 10, individually and in their official capacities, jointly, severally, and in the alternative, | : <br> : <br> : Civil Action No. <br> : <br> : <br> : COMPLAINT and <br> : DEMAND FOR JURY <br> : <br> : |
| Defendants, | : |

Plaintiff, by and through her attorneys, bring this Complaint against Defendants and in support thereof alleges as follows:

**PARTIES**

1.      Patrick Chin ("Chin") was a citizen of New Jersey and a resident in the Township of Hillsborough, Somerset County. He died on September 21, 2021, at the age of 43,

1

immediately following an encounter with the defendant police officers, George Kokinakous, Robert Feriello, Thomas Gurba, Kyle Edmonds, and Dylan Ely.

2.     Plaintiff Susan Elizabeth Chin ("Susan") was the wife of Chin. Letters of Administration *Ad Prosequendum* for the Estate of Patrick Chin were granted to Susan on July 15, 2022 by the Somerset County Surrogate Court.  Susan brings this action in her capacity as Administratrix *ad Prosequendum* of the Estate of Patrick Chin and in her individual capacity. Susan is a citizen of New Jersey and a resident of the Township of Hillsborough, Somerset County.

3.     Defendant, Township of Hillsborough, is a municipal corporation organized and existing under the laws of the State of New Jersey.  Its offices are located at 379 South Branch Street, Hillsborough, Somerset County, New Jersey 08844.

4.     Defendant Michael McMahon ("Chief McMahon") is the police chief of Defendant Township of Hillsborough.  At all relevant times mentioned in this complaint, Defendant McMahon was acting under color of law and color of his authority as police chief of the Township of Hillsborough. Chief McMahon is the head of the Hillsborough Police force and is responsible for making and enforcing policies for his police department and for training and supervising Hillsborough police officers in the proper and lawful use of force.  He is sued in his individual and official capacities.   His business address is 379 South Branch Street, Hillsborough, Somerset County, New Jersey 08844.

5.     Defendant George Kokinakous, ("Kokinakous") at all relevant times, was a police officer employed by the Township of Hillsborough in its police department.  At all times mentioned in this Complaint, he was acting under color of law and color of his authority as a police officer of the Township of Hillsborough.  He is sued in his individual and official

capacities. His business address is 379 South Branch Street, Hillsborough, Somerset County, New Jersey 08844.

6.    Defendant Robert Feriello, ("Feriello") at all relevant times, was a police officer employed by the Township of Hillsborough in its police department.  At all times mentioned in this Complaint, he was acting under color of law and color of his authority as a police officer of the Township of Hillsborough.  He is sued in his individual and official capacities. His business address is 379 South Branch Street, Hillsborough, Somerset County, New Jersey 08844.

7.    Defendant Thomas Gurba ("Gurba") at all relevant times, was a police officer employed by the Township of Hillsborough in its police department.  At all times mentioned in this Complaint, he was acting under color of law and color of his authority as a police officer of the Township of Hillsborough.  He is sued in his individual and official capacities. His business address is 379 South Branch Street, Hillsborough, Somerset County, New Jersey 08844.

8.    Defendant Kyle Edmonds, ("Edmonds") at all relevant times, was a police officer employed by the Township of Hillsborough in its police department.  At all times mentioned in this Complaint, he was acting under color of law and color of his authority as a police officer of the Township of Hillsborough.  He is sued in his individual and official capacities. His business address is 379 South Branch Street, Hillsborough, Somerset County, New Jersey 08844.

9.    Defendant Dylan Ely, ("Ely") at all relevant times, was a police officer employed by the Township of Hillsborough in its police department.  At all times mentioned in this Complaint, he was acting under color of law and color of his authority as a police officer of the Township of Hillsborough.  He is sued in his individual and official capacities. His business address is 379 South Branch Street, Hillsborough, Somerset County, New Jersey 08844.

10.     Plaintiff is unaware of the true names and capacities of those defendants sued as John Does 1 through 10 and therefore sue these defendants using their fictitious names.  Plaintiff will amend this complaint to allege each 10 unknown other named defendants' true names and capacities when that information becomes known.  Plaintiff is informed and believes that each of these 10 unknown other named defendants is legally responsible and liable for the incident, injuries and damages set forth here, and that each of these defendants legally caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional, willful, wanton or despicable conduct as described below.

## JURISDICTION

11.     Plaintiff invokes jurisdiction pursuant to 28 U.S.C. §1331 as the claims raise federal questions under 42 U.S.C. §1983.   Plaintiff further invokes supplemental jurisdiction pursuant to 28 U.S.C. §1367 for claims arising under state law as these claims form part of the same case and controversy as the claims brought under 42 U.S.C. §1983.

12.     Venue is appropriately laid in the District of New Jersey pursuant to 28 U.S.C. §1391(b) as it is the judicial district in which the claims asserted herein arose.

**FIRST CAUSE OF ACTION**
**(Deprivation of Federally Protected Rights**
**as to Defendant Kokinakous )**
*Excessive Force*

13.     At the time of his death, Chin suffered from symptoms associated with schizophrenia and paranoia.

14.     On or around September 28, 2021, in the mid-afternoon, Chin had taken a telephone therapy session with his mental health therapist, Angela Doyle ("Doyle").

15.	Doyle worked for "Better Help", an agency that provides on line mental help services for people seeking Psychiatric care.

16.	During his session with Doyle, Chin said that he tried to hurt himself and that 'he cut himself ''.  He then hung-up the phone.

17.	Chin then called his wife, who was at work and told her, "I tried to kill myself". He then hung-up the phone.

18.	During the brief conversation with her husband, Susan told him that she would be coming home.  She worked approximately forty-five minutes from their home.

19.	As Susan drove home to be with her husband, she returned a call to Doyle after realizing that she had missed Doyle's earlier call.

20.	Susan spoke to Doyle, who had tied in the 911dispatcher to the call.

21.	Doyle told the dispatcher, "I have a new client. He said that he hurt himself with a knife. He may be going in and out of consciousness and I believe he's in the shower because he said that he hurt himself."

22.	During the call, Susan identified herself as Chin's wife. She told Doyle and the dispatcher that her husband had a minor psychiatric incident in March. She also said that there were no firearms in the house.

23.	The dispatcher asked Susan whether there was a way to get in the house if Chin did not or could not answer the door.

24.	Susan gave the dispatcher the entry code for the back door of her home, believing that this information was necessary to help her husband and keep him safe.

25.	The dispatcher sent Hillsborough police officers to the Chin residence and relayed the information provided by Susan.

5

26.     The defendant officers arrived at the Chin home shortly after the conversation with the dispatcher, Boyle and Susan.

27.     The officers rang the bell to the front door and then stated "we're not getting an answer."    They then proceeded to go to the back entrance of the home, where they let themselves in by using the code provided by Susan.

28.     Chin was not made aware that someone other than his wife was coming to his home.

29.     Chin was also not aware that someone was given access to his home.

30.     The officers entered the Chin home and announced themselves. They repeatedly yelled "Patrick, Patrick, Hillsborough Police" as they went through the house searching for Chin.

31.     After not finding Chin on the first floor, the officers went up to the second floor of the home.

32.     They opened the door to Chin's bedroom, where Chin was found.

33.     Chin had visible signs of injury.

34.     The officers immediately yelled at Chin to drop the weapon.

35.     Defendant Feriello immediately deployed OC spray at Chin.

36.     Defendant Kokinakous immediately fired his gun four times at Chin while simultaneously yelling "get on the ground."    The gun was fired before giving Chin the opportunity to respond to Kokinakous' commands.

37.     Chin was struck three times by bullets from Kokinakous's gun.

38.     Chin was eventually transported to Robert Wood Johnson University Hospital in New Brunswick, where he was pronounced dead at 5:28 p.m.

39.    The conduct of officer Kokinakous constitute excessive use of force by this defendant, depriving Chin of his right to be secure in his person against unreasonable searches and seizures as guaranteed by the Fourth Amendment to the United States Constitution.

40.    By reason of the aforesaid violation of Chin's rights, Plaintiff is entitled to damages under 42 U.S.C. Section 1983.

## SECOND CAUSE OF ACTION
### (Deprivation of Federally Protected Right under § 1983)
### *Failure to Intervene as to Defendants Gurba, Edmonds, Ely and Feriello*

41.    Plaintiff adopts and incorporates by reference paragraphs 1 through 40 as if set forth herein at length.

42.    Defendants Gurba, Edmonds, Ely and Feriello failed to intervene to prevent Defendant Kokinakous from repeatedly shooting Chin.

43.    Defendants Gurba, Edmonds, Ely and Feriello acted under color of law in engaging in the conduct described above.

44.    The conduct of these defendants deprived Chin of his clearly established right to be secure in his person against unreasonable searches and seizures as guaranteed by the Fourth Amendment to the United States Constitution, enforceable pursuant to 42 U.S.C. § 1983.

45.    The acts committed by the defendants as described above were a proximate cause of bodily injuries to Chin and resulted in his death, in violation of his constitutional rights as previously set forth.

## THIRD CAUSE OF ACTION
### (Deprivation of Federally Protected Rights
### as to Hillsborough Township & Police Chief McMahon)

7

46.     Plaintiff adopts and incorporates by reference, paragraphs 1 through 45 as if set forth herein at length.

47.     At all relevant times, Defendant Hillsborough Township and Chief McMahon were responsible for developing policies and procedures relating to the proper and lawful use of force.

48.     At all relevant times, Defendants Hillsborough Township and Chief McMahon were responsible for the training and supervision of all Hillsborough Township police officers in the proper and lawful use of force in Hillsborough Township.

49.     Defendants Hillsborough Township and Chief McMahon repeatedly and knowingly failed to enforce the laws of the United States, the State of New Jersey and the regulations of Hillsborough Township pertaining to the use of force within the Hillsborough Township Police Department, creating an atmosphere of lawfulness in which police officers employ excessive and illegal force and violence, and such acts are condoned and justified by their superiors.

50.     At the time of the incident described above, Hillsborough Township and Chief McMahon had developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in Hillsborough Township, which caused the plaintiff's rights to be violated.

51.     It was the policy and/or custom of Hillsborough Township, and chief McMahon, to inadequately and improperly supervise and train its police officers and to inadequately and improperly investigate citizen complaints of police conduct. Civilian complaints were routinely dismissed and officers' misconduct were instead tolerated and condoned by Hillsborough

Township and Chief McMahon.  None of the complaints of excessive force investigated by the Hillsborough Police Department between 2016 and 2021 resulted in any disciplinary action.  All of the complaints were found to be "not sustained," "unfounded," or the officers were otherwise exonerated.

52.     By reason of the aforesaid violation of Plaintiff's rights, Plaintiff is entitled to damages under 42 U.S.C. § 1983.

### FOURTH CAUSE OF ACTION
**(Violation of New Jersey Civil Rights Act as to all Defendants)**

53.     Plaintiff adopts and incorporates by reference, paragraphs 1 through 52 as if set forth at length herein.

54.     This cause of action arises under New Jersey Civil Rights Act, N.J.S.A. §10:6-1, *et seq.*  Supplemental jurisdiction is established pursuant to 28 U.S.C. §1367 as the claim forms part of the same case and controversy as the claims brought under the First through Third Causes of Action.

55.     The acts committed by Defendants constitute a violation of rights secured by the United States Constitution, as alleged above, and a further violation of Article I, Section 7 of the New Jersey Constitution guaranteeing Plaintiff the right to be secure in his person against unreasonable searches and seizures, including the excessive use of force.

56.     As a direct and proximate result of the aforesaid acts of Defendants, Plaintiff suffered economic losses, grievous bodily harm, emotional pain and suffering and death.

57.     By reason of the aforesaid violation of Plaintiff's rights, Plaintiff is entitled to damages under *N.J.S.A.* §10:6-1, *et seq.,* including costs, attorney fees and expenses pursuant to

*N.J.S.A.* §10:6-2(f).

## FIFTH CAUSE OF ACTION
### (Assault & Battery as to Defendant Kokinakous)

58.    Plaintiff adopts and incorporates by reference paragraphs 1 through 57 as if set forth herein at length.

59.    The conduct of Defendant Kokinakous, as described above, resulted in an unprovoked, unpermitted, harmful and offensive contact with Chin and thus constitute assault and battery.

60.    As a direct and proximate result of Defendant Kokinakous' assault and battery, Plaintiff suffered economic losses, grievous bodily harm, emotional pain and suffering and death.

## SIXTH CAUSE OF ACTION
### (Negligence as to Defendant Kokinakous)

61.    Plaintiff adopts and incorporates by reference paragraphs 1 through 60 as if set forth herein at length.

62.     Defendant Kokinakous acted with a lack of cautious regard for Plaintiff's right to be free from unnecessary bodily harm or from the threat of such harm and without the due care that prudent police officers would use under the circumstances.

63.    The injuries and death of Chin were a direct and proximate result of the negligence of each defendant.

64.    As a result of Defendant's negligence, Plaintiff suffered economic losses, grievous bodily harm, emotional pain and suffering and death.

## SEVENTH CAUSE OF ACTION
### (Gross Negligence as to all Defendants)

10

65.     Plaintiff adopts and incorporates by reference paragraphs 1 through 64 as if set forth herein at length.

66.     The assault and battery and use of excessive force unnecessarily subjecting Plaintiff to danger, were carried out with such willful, malicious, wanton and reckless disregard of the consequences as to show Defendant Kokinakous' conscious indifference to the danger of harm and injury to plaintiff and the intent to inflict harm and injury on plaintiff.

67.     The injuries to plaintiff were a direct and proximate result of the gross negligence of Defendant Kokinakous.

68.     As a result of Defendant Kokinakous' gross negligence, Plaintiff suffered economic losses, grievous bodily harm, emotional pain and suffering and death.

## EIGHTH CAUSE OF ACTION
### (Wrongful Death as to all Defendants)

69.     Plaintiff adopts and incorporates by reference paragraphs 1 through 68 as if set forth herein at length.

70.     Plaintiff Susan Elizabeth Chin is the surviving heir-at- law of Chin, and is entitled to recover the pecuniary loss occasioned to the survivors of Chin, deceased, as a result of the wrongful death.

71.     By reason of the death of the decedent, the decedent's estate has been deprived of future earnings of the decedent.

72.     By reason of the death of the decedent, decedent's surviving heir-at-law has been deprived of decedent's support, comfort, society and services, all to her damages.

73.     By reason of the injury and death of the decedent, the decedent's estate has become liable for hospital bills, doctor bills and funeral expenses of Chin, deceased.

11

74.    As a result of the actions of all defendants as described above, the plaintiff, as Administrators *ad Prosequendum,* is entitled to recover damages pursuant to N.J.S.A. 2A:31-1, *et seq.*

### NINTH CAUSE OF ACTION
**(Survivorship as to all Defendants)**

75.    Plaintiff adopts and incorporate by reference paragraphs 1 through 74 as if set forth herein at length.

76.    As a direct and proximate result of the wrongful act of all defendants as described above, Chin suffered gunshot wounds causing severe physical and mental pain, shock, trauma and agony causing him great pain and suffering until his death.

77.    As a proximate result of the wrongful acts of the defendants, Chin died.

78.    As a result of the actions of all defendants as described above, the plaintiff, in her capacity as Administrator of the Estate of Patrick Chin, deceased is entitled to recover damages pursuant to N.J.S.A. 2A:15-3, *et seq.*

WHEREFORE, Plaintiff demands judgment against the defendants, jointly and severally, on all causes of action as follows:

(1)    Compensatory damages in the amount of $10,000,000.00;

(2)    Punitive damages for each plaintiff;

(3)    Attorney's fees and costs of this action; and

(4)    Such other and further relief as the court deems just and proper.

### JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedures, the plaintiff demands a trial by jury of this action.

## TRIAL ATTORNEY DESIGNATION

Stanley O. King, Esquire and Michael A. Galpern, Esquire are hereby designated as trial attorneys.

Dated: May 30, 2023

JAVERBAUM WURGAFT HICKS
KAHN WIKSTROM & SININS, P.C.
Attorneys for Plaintiff


By___/s/ Stanley O. King_____
    STANLEY O. KING


By___/s/ Michael A. Galpern_____
    MICHAEL A. GALPERN